**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Arthur Montoya, Jr.,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-16-4185-PHX-DLR (JFM)<br>**Report & Recommendation<br>on Petition for Writ of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 2, 2016 (Doc. 1). On March 1, 2017, Respondents filed their Limited Answer (Doc. 7). Petitioner filed a Reply on April 7, 2017 (Doc. 9).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the facts, "in the light most favorable to upholding the jury verdicts" as follows:

> On December 22, 2011, Arizona Department of Public Safety Officer B.H. served Montoya with an affidavit informing him that his Arizona driver's license would be suspended for one year, effective January 6, 2012 - fifteen days from the date served. The

1

> affidavit also stated that the suspension would be effective until all of the reinstatement requirements were met. Officer B.H. read each section of the affidavit to Montoya aloud, verbatim, and gave him a copy of the affidavit.
> 	On January 9, 2012, Montoya went to a Motor Vehicle Division ("MVD") office and applied for an Arizona Identification Card. In his application, Montoya noted that his license had been suspended. The MVD could not find record of his suspension in its system, however, and issued him an Arizona driver's license instead of an identification card. The MVD did not receive notice of Montoya's suspension until January 11 and did not thereafter send Montoya written notice of his suspension.
> 	In July 2012, Montoya was stopped for suspicion of DUI. An officer ran Montoya's driver's license and found that it was suspended. When asked by officers, Montoya told them he believed his license was not suspended or revoked. Montoya was charged with two counts of aggravated DUI - both counts "aggravated" because his license was suspended.

(Exhibit G, Mem. Dec. at ¶¶ 3-5; Exhibit A, Information.) (Exhibits to the Answer, Doc. 7, are referenced herein as "Exhibit ___.")

## B.  TRIAL PROCEEDINGS

Petitioner proceeded to a jury trial and was convicted on both counts. (Exhibit B, M.E. 3/11/14.) On June 20, 2014, Petitioner was sentenced to concurrent sentences of 8 years on both counts. (Exhibit G, Mem. Dec. at ¶ 6; Exhibit C, M.E. 6/20/14.)

## C.  DIRECT APPEAL

Petitioner filed a direct appeal, and appointed counsel filed an Opening Brief raising two issues for review: (1) "the trial court erred by providing the presumption of receipt of notice instruction pursuant to A.R.S. § 28-3318 because motor vehicle department never mailed notice to Montoya as required under A.R.S. § 28-3318" (Exhibit D, Opening Brief at 10); and (2) "since Motor Vehicle Department issued a valid driver's license to Montoya without notifying him that the license would be suspended retroactively, did the trial court abuse its discretion in denying Defendant's motion for directed verdict of acquittal" (*id.* at 16.) Petitioner cited no federal statutes, cases or constitutional provisions in support of his Opening Brief. (*Id.* at ii-iii.)

The Arizona Court of Appeals rejected the first claim, finding that there was no

2

instructional error because the trial court properly instructed that the jury was required to find receipt or mailing. (Exhibit G, Mem. Dec. at ¶¶ 8-14.) Moreover, the court concluded that because Petitioner had acknowledged on his license application the suspension of his license, the presumption instruction was neither necessary nor harmful. (*Id.* ¶¶ 15-16.)

The Arizona Court of Appeals rejected the second claim, finding that there was substantial evidence that Petitioner "knew or should have known" of the suspension of his driving privileges, despite the voluntary provision of a license to Petitioner. (*Id.* at ¶¶ 17-19.)

Petitioner sought review by the Arizona Supreme Court, who denied the petition for review on June 16, 2016. (Exhibit G, Mandate.) The Arizona Court of Appeals issued its Mandate (Exhibit G) on July 19, 2016.

### D. POST-CONVICTION RELIEF

Petitioner then filed a Notice of Post-Conviction Relief (Exhibit H). Counsel was appointed (Exhibit I, M.E. 7/6/16), who ultimately filed a "Notice of Completion" (Exhibit J) evidencing an inability to find an issue for review. The PCR court granted Petitioner leave to file a *pro per* PCR petition (Exhibit K, M.E. 9/14/16), but Petitioner failed to timely do so. Consequently, on December 3, 2016, the PCR court dismissed the proceeding. (Exhibit L, M.E. 12/3/16.)

Petitioner did not seek further review. (Petition, Doc. 1 at 19 ("5"); Exhibit M, Trial Court Docket Sheet.)

### E. FEDERAL HABEAS PROCEEDINGS

**Petition** − Prior to the dismissal of his PCR proceeding, Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 2, 2016 (Doc. 1). Petitioner's Petition asserts the following six grounds for relief:

1. **Presumption of Receipt** – "In Ground One, Petitioner alleges that his Sixth and Fourteenth Amendment rights were violated by the trial court's presumption that Petitioner had received a notice concerning his suspension." (Order 1/25/17, Doc. 3 at 2.)

2. **Issuance of License** – "In Ground Two, he alleges that the trial court violated his Fifth and Fourteenth Amendment rights by denying his motion for directed verdict" (*id.*), based on the issuance of a license to Petitioner while his driving privileges were suspended.

3. **Blood Draw** – "In Ground Three, Petitioner alleges that the police violated his Fifth and Fourteenth Amendment rights by performing an improper administrative blood draw." (Order 1/25/17, Doc. 3 at 2.)

4. **Probable Cause** - "In Ground Four, he alleges the absence of probable cause in violation of his Fifth and Fourteenth Amendment rights." (*Id.*)

5. **Jury Composition** – "In Ground Five, Petitioner alleges that he was not tried by a fair and impartial jury in violation of his Sixth Amendment rights." (*Id.*)

6. **Ineffective Assistance** - In Ground Six, Petitioner alleges that he was denied the effective assistance of [trial] counsel in violation of his Sixth Amendment rights" (*id.*), based on counsel's "'wishy-washy' performance," failure to exclude jurors with law enforcement ties despite instruction to do so and questioning a juror at length in *voir dire*, asking leading questions of and volunteering answers for prosecution witnesses, failure to interview prosecution witnesses, failure to seek discovery of dash cam videos and equipment maintenance records, permitting a law student intern to give the prosecution's closing argument and commending him afterward, failure to challenge testimony in closing arguments, and failure to adequately cross examine the arresting officer. (Petition, Doc. 1 at physical pages 39-44.)

4

The Petition argues that Petitioner presented Grounds One and Two to the Arizona Court of Appeals on Direct Appeal (Doc. 1 at "6" and "7".) The Petition concedes that Petitioner did not present his claims in Grounds Three and Four to the Arizona Court of Appeals, but asserts he brought the issues to the attention of appellate counsel who failed to present them. (Petition, Doc. 1 at "8", "9".) The Petition does not discuss the presentation of Grounds Five and Six.

**Response** - On March 2, 2017, Respondents filed their "Limited Answer" (Doc. 7). Respondents argue that none of Petitioner's federal claims for relief were fairly presented to the Arizona Court of Appeals and Petitioner's state remedies are now procedurally defaulted and thus barred from federal habeas review.

**Reply** - On April 7, 2017, Petitioner filed a Reply (Doc. 9). Petitioner argues the merits of his claims (*id.* at 2-28) and that any procedural default was caused by the failure of trial and appellate counsel (*id.* at 28).

### III. APPLICATION OF LAW TO FACTS
#### A. EXHAUSTION, PROCEDURAL DEFAULT AND PROCEDURAL BAR

Respondents argue that the state remedies on all of Petitioner's claims are procedurally defaulted and thus are barred from federal habeas review.

#### 1. Exhaustion Requirement

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

Ordinarily, to exhaust his state remedies, the petitioner must have fairly presented his federal claims to the state courts. "A petitioner fairly and fully presents a claim to the

state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

**Proper Forum** - "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

**Proper Vehicle** - Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

**Factual Basis** – A petitioner must have fairly presented the operative facts of his federal claim to the state courts as part of the same claim. A petitioner may not broaden the scope of a constitutional claim in the federal courts by asserting additional operative facts that have not yet been fairly presented to the state courts. Expanded claims not presented in the highest state court are not considered in a federal habeas petition. *Brown v. Easter*, 68 F.3d 1209 (9th Cir. 1995); *see also, Pappageorge v. Sumner*, 688 F.2d 1294 (9th Cir. 1982), cert. denied, 459 U.S. 1219 (1983). And, while new factual allegations do not ordinarily render a claim unexhausted, a petitioner may not "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). *See also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir.1994).

**Legal Basis** - Failure to alert the state court to the constitutional nature of the

claim will amount to failure to exhaust state remedies. *Duncan v. Henry*, 513 U.S. 364, 366 (1995). While the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor,* 404 U.S. 270, 277-78 (1971) (quoting *Daugherty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*). "[T]he petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law," *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005), or by "a citation to a state case analyzing [the] federal constitutional issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003). But a drive-by-citation of a state case applying federal and state law is not sufficient.

> For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues. Where, as here, the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented.

*Casey v. Moore*, 386 F.3d 896, 912 n. 13 (9th Cir. 2004).

**Proper Mode** - "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). The Arizona habeas petitioner "must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). *But see Insyxiengmay v. Morgan*, 403 F.3d 657, 668-669 (9th Cir. 2005) (arguments set out in appendix attached to petition and incorporated by reference were fairly presented).

/ /

/ /

## 2. Procedural Default

Ordinarily, unexhausted claims are dismissed without prejudice. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts. Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time limit bar, set out in Ariz. R. Crim. P. 32.4. (Answer, Doc. 7 at 8.)

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Moreover, no provision is made for a successive direct appeal. Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**Remedies by Post-Conviction Relief** – Under Arizona's preclusion, waiver and timeliness bars, Petitioner can no longer seek review by a subsequent PCR Petition.

Preclusion Bar – Under the rules applicable to Arizona's post-conviction process, a claim may not be brought in a petition for post-conviction relief if the claim was "[f]inally adjudicated on the merits on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(2).

Waiver Bar - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002)

(quoting Ariz.R.Crim.P. 32.2, Comments). *But see State v. Diaz*, 236 Ariz. 361, 340 P.3d 1069 (2014) (failure of PCR counsel, without fault by petitioner, to file timely petition in prior PCR proceedings did not amount to waiver of claims of ineffective assistance of trial counsel).

For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id*. That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes*, 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071. Claims based upon ineffective assistance of counsel are determined by looking at "the nature of the right allegedly affected by counsel's ineffective performance. *Id*.

Here, none of Petitioner's claims are of the sort requiring a personal waiver, and Petitioner's claims of ineffective assistance similarly have at their core the kinds of claims not within the types identified as requiring a personal waiver.

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

Exceptions - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). See Ariz. R.

Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor does it appears that such exceptions would apply. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Petitioner makes no assertion of "newly discovered evidence" and paragraph (e) has no application. Paragraph (f) has no application where the petitioner filed a timely notice of post-conviction relief. Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding. Finally, paragraph (h), concerning claims of actual innocence, has no application to the procedural claims Petitioner asserts in this proceeding.

Therefore, none of the exceptions apply, and Arizona's time and waiver bars would prevent Petitioner from returning to state court. Thus, Petitioner's claims that

were not fairly presented are all now procedurally defaulted.

3. **Independent and Adequate State Grounds**

In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir.2003), the Ninth Circuit addressed the burden of proving the independence and adequacy of a state procedural bar to preclude federal habeas review:

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Id*. at 584-585.

**Waiver Bar** - Petitioner fails to proffer anything to suggest that Rule 32.2(a) is not an independent and adequate state ground, sufficient to bar federal habeas review of claims a defendant could have but did not raise on direct appeal. The federal courts have routinely held that it is. "Arizona's waiver rules are independent and adequate bases for denying relief." *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir.) *cert. denied*, 135 S. Ct. 710 (2014). *See also Stewart v. Smith*, 536 U.S. 856, 861 (2002) (Arizona's waiver rule is independent of federal law); and *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (adequate because consistently and regularly applied).

**Timeliness Bar** – Similarly, Petitioner fails to proffer anything to suggest that Rule 32.4 is not an independent and adequate state ground, sufficient to bar federal habeas review of claims a defendant could have but did not raise on direct appeal. The district courts in Arizona have held that it is. *See e.g. Morgal v. Ryan*, 2013 WL 655122, at *16 (D. Ariz. Jan. 18, 2013) *report and recommendation adopted*, 2013 WL 645960 (D. Ariz. Feb. 21, 2013).

4. **Application to Petitioner's Claims**

Here, Petitioner presented no federal claims in his one foray into the Arizona

Court of Appeals, in his direct appeal. Petitioner cited no federal case law, statutes, constitutional provisions, or even constitutional principles in his Opening Brief on direct appeal. (*See* Exhibit D, generally.) In his Reply Brief, Petitioner did cite one federal case, *United States v. Hendrix*, 542 F.2d 879 (2nd Cir. 1976). (Exhibit F, Reply Brief at 6.) However, *Hendrix* was cited solely for the proposition that confusion over a presumption could be avoided by not instructing the jury on the presumption. Moreover, *Hendrix* itself did not address any federal constitutional issues, but merely addressed the existence of a presumption of insanity, and the lack of necessity under federal criminal law to instruct the jury on the presumption when sanity was not in question. Thus, a citation to *Hendrix* would not have been fair presentation of Petitioner's federal constitutional claims.

Although it is true that Petitioner presented, on direct appeal, the facts underlying his claims in Grounds One (Presumption of Receipt) and Two (Issuance of License), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson*, 459 U.S. at 6.

Accordingly, the undersigned finds that Petitioner did not fairly present any of his federal claims to the Arizona Court of Appeals, that his state remedies were not properly exhausted, and are now procedurally defaulted.

### 5. **Cause and Prejudice**

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting Reed, 468 U.S. at 13), *cert.*

*denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Petitioner argues that this Court should find cause to excuse his procedural defaults based on the failings of trial and appellate counsel in their representation of Petitioner. (Reply, Doc. 9 at 28.) Ineffective assistance of counsel may constitute cause for failing to properly exhaust claims in state courts and excuse procedural default. *Ortiz v. Stewart*, 149 F.3d 923, 932, (9th Cir. 1998).

However, to meet the "cause" requirement, the ineffective assistance of counsel must amount to an independent constitutional violation. *Id*. Constitutionally ineffective assistance of counsel must be shown by establishing: (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Petitioner's bald accusation that the blame for his procedural default "falls directly on the shoulder's of Petitioner's [trial and appellate counsel] in this case" (Reply, Doc. 9 at 28 (brackets in original)), is insufficient to show ineffective assistance. Cursory allegations that are purely speculative cannot support a claim of ineffective assistance of counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir.), *cert. denied*, 493 U.S. 869 (1989).

Moreover, "[t]o constitute cause for procedural default of a federal habeas claim, the constitutional claim of ineffective assistance of counsel must first have been presented to the state courts as an independent claim." *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003). Here, Petitioner has never presented a claim of ineffective assistance of counsel to the Arizona Court of Appeals.

**Summary re Cause and Prejudice** – Based upon the foregoing, the undersigned concludes that Petitioner had failed to establish cause to excuse his procedural defaults.

Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Petitioner has filed to establish cause for his procedural default. Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

### 6. Actual Innocence

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.* §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Id*. at 329. This standard is referred to as the "*Schlup* gateway." *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002).

Here, Petitioner makes no assertion of new evidence on the basis of which no reasonable juror would have found him guilty. Accordingly his procedurally defaulted and procedurally barred claims must be dismissed with prejudice.

B. **OTHER DEFENSES**

Notwithstanding their contention that Grounds One and Two are subject to dismissal with prejudice based on a procedural default, Respondents also argue that the two grounds are without merit. Because the undersigned concludes that Petitioner's claims are plainly subject to dismissal with prejudice based on the procedural default of Petitioner's state remedies, Respondents arguments on the merits are not reached.

### IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed December 2, 2016 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules

Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: June 1, 2017

16-4185r RR 17 05 22 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge